IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TERRELL HENDERSON, | ) | 4:08CV3219 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, Director, State | ) | |
| of Nebraska Department of | ) | |
| Correctional Services, | ) | |
| | ) | |
| Respondent. | ) | |

The court has conducted an initial review of the Petition for Writ of Habeas Corpus (filing no. 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Petitioner has made seven claims.

Condensed and summarized for clarity, the claims asserted by Petitioner are:

Claim One[1]: Petitioner's conviction was obtained by "action of prosecutorial misconduct" *and* he was deprived of "his right to an impartial jury" *because* the prosecution "infected the jury with allegations not supported by evidence" and persuaded the jury with "impersonations of [Petitioner's] mentality or character without factual evidence."

Claim Two: Petitioner's conviction was obtained by action of a

---

[1]The allegations presented in Claim One are set forth in Ground One and portions of Ground Two of the Petition.

    petit jury which was unconstitutionally selected or empaneled *because* "roughly one-third of the venire knew witnesses in the case, had experienced child abuse, or [had] worked for the State"; "the venire was allowed to collaborate as a whole instead of [on] an 'individual voir dire'" basis; and a prospective juror's outburst "infected [the jury] with prejudice."

Claim Three: Petitioner's conviction was obtained by "action of improper medical procedures" *because* Petitioner's medical expert at trial raised questions about how the prosecution's expert performed the autopsy, as well as the conclusions derived from that autopsy, and these questions were not answered.

Claim Four: Petitioner's conviction was obtained as a result of ineffective assistance of trial counsel *because* Petitioner's trial counsel was adversarial to Petitioner's defense; did not request "individual voir dire" of prospective jurors; did not ask for a "new venire" or continuance after a prospective juror made accusations against Petitioner; entered into a "Motion for Discovery" with the prosecution without Petitioner's knowledge; violated the "Motion for Discovery," which resulted in the exclusion of evidence favorable to Petitioner; refused to consult with potential witnesses, calling their opinions irrelevant; asked for improper jury instructions; and performed other "minor trial

|   |   |
|---|---|
|   | counsel errors," which had a "a cumulative effect." |
| Claim Five[2]: | Petitioner's conviction was obtained as a result of ineffective assistance of appellate counsel[3] *and* he was denied the right to appeal *because* Petitioner's appellate counsel refused to raise Petitioner's ineffective assistance of counsel and prosecutorial misconduct claims on direct appeal, resulting in his being barred from raising them in his post-conviction action; untimely filed Petitioner's petition for further review, resulting in his petition being overruled; consulted with Petitioner about representing him in his post-conviction action and later informed him that his representation of Petitioner was "over after the affirmation at direct appeal"; and "lied and made promises to [Petitioner], and also waived some of [Petitioner's] constitutional rights due to his deficiency." |
| Claim Six: | Petitioner's conviction was obtained due to trial court error *because* the trial court referred to Petitioner as "defendant" on three occasions in the presence of the jury, in violation of its own order; |

---

[2]The allegations presented in Claim Five are set forth in portions of Grounds Four through Six of the Petition.

[3] Ground Four of the Petition complains only of the ineffective assistance of trial counsel; however, Petitioner asks the court to "see also" Grounds Five through Seven of the Petition, where he also discuss the ineffective assistance of appellate counsel.

        refused to "voir dire" an alternate juror after that juror saw Petitioner in shackles; did not provide a "curative effect or curative procedure" in response to these violations of Petitioner's rights; and showed favoritism to the prosecution in admitting and excluding evidence.

Claim Seven:  Petitioner's conviction was affirmed due to the Lancaster County District Court Clerk misplacing documents.

  Liberally construed, the court preliminarily decides that all seven of Petitioner's claims are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses thereto or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

  Petitioner requests the appointment of counsel. (Filing No. 4.) "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson,* 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire,* 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied,* 531 U.S. 984 (2000); *Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). In short, there is no need for the appointment of counsel at this time.

  IT IS THEREFORE ORDERED that:

1. Upon initial review of the Petition for Writ of Habeas Corpus (filing no. 1), the court preliminarily determines that all seven of Petitioner's claims, as set forth in this Memorandum and Order, are potentially cognizable in federal court.

2. Petitioner's Motion for Appointment of Counsel (filing no. 4) is denied without prejudice to reassertion.

3. The Clerk of the court is directed to mail copies of this Memorandum and Order and the Petition for Writ of Habeas Corpus (filing no. 1) to Respondent and the Nebraska Attorney General by regular first-class mail.

4. By December 25, 2008, Respondent shall file a motion for summary judgment or an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: December 25, 2008: deadline for Respondent to file answer or motion for summary judgment.

5. If Respondent elects to file a motion for summary judgment, the following procedures shall be followed by Respondent and Petitioner:

   A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

   B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C.    Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief, shall be served upon Petitioner except that Respondent is only required to provide Petitioner with a copy of the specific pages of the record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

    D.    No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment. Petitioner shall submit no other documents unless directed to do so by the court.

    E.    No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief.

    F.    If the motion for summary judgment is denied, Respondent shall file an answer, a designation, and a brief that complies with the terms of this order. (See the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. ***Respondent is warned that the failure to file an answer, a designation, and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release***.

6.    If Respondent files an answer, the following procedures shall be followed by Respondent and Petitioner:

A. No later than 30 days after the filing of the answer, Respondent shall file a separate brief. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *[Rules Governing Section 2254](#) Cases in the United States District Courts*.

B. The answer shall be supported by all state court records which are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *[Rules Governing Section 2254](#) Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

C. Copies of the answer, the designation, and Respondent's brief shall be served upon Petitioner except that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response. Petitioner shall

        submit no other documents unless directed to do so by the court.

        E.    No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief.

7.    No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

November 12, 2008.                BY THE COURT:

                                                    *s/Richard G. Kopf*
                                                   United States District Judge