IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TERRELL HENDERSON, | ) | 4:08CV3219 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, Director State | ) | |
| of Nebraska Department of | ) | |
| Correctional Services, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Terrell Henderson's ("Henderson") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) After the court denied his Motion for Summary Judgment, Respondent filed an Answer (filing no. 18), Brief in support of his Answer (filing no. 23), State Court Records (filing nos. 11, 19, 20, and 21), and a Reply Brief (filing no. 24). Henderson filed a Brief on the merits of the Petition. (Filing No. 22.) This matter is therefore deemed fully submitted.

Liberally construing the allegations of Henderson's Petition, he argues that the Petition should be granted because:

> Claim One: Petitioner's conviction was obtained by "action of prosecutorial misconduct" and he was deprived of "his right to an impartial jury" because the prosecution "infected the jury with allegations not supported by evidence" and persuaded the jury with "impersonations of [Petitioner's] mentality or character without factual evidence" ("Claim One").
>
> Claim Two: Petitioner's conviction was obtained by action of a petit jury which was unconstitutionally selected or empaneled

because "roughly one-third of the venire knew witnesses in the case, had experienced child abuse, or [had] worked for the State"; "the venire was allowed to collaborate as a whole instead of [on] an 'individual voir dire'" basis; and a prospective juror's outburst "infected [the jury] with prejudice" ("Claim Two").

Claim Three: Petitioner's conviction was obtained by "action of improper medical procedures" because Petitioner's medical expert at trial raised questions about how the prosecution's expert performed the autopsy, as well as the conclusions derived from that autopsy, and these questions were not answered ("Claim Three").

Claim Four: Petitioner's conviction was obtained as a result of ineffective assistance of trial counsel because Petitioner's trial counsel was adversarial to Petitioner's defense; did not request "individual voir dire" of prospective jurors; did not ask for a "new venire" or continuance after a prospective juror made accusations against Petitioner; entered into a "Motion for Discovery" with the prosecution without Petitioner's knowledge; violated the "Motion for Discovery," which resulted in the exclusion of evidence favorable to Petitioner; refused to consult with potential witnesses, calling their opinions irrelevant; asked for improper jury instructions; and performed other "minor trial counsel errors," which had a "a cumulative effect" ("Claim Four").

Claim Five: Petitioner's conviction was obtained as a result of ineffective assistance of appellate counsel and he was denied the right to appeal because Petitioner's appellate counsel refused to raise Petitioner's ineffective assistance of counsel and prosecutorial misconduct claims on direct appeal, resulting in his being barred from raising them in his postconviction action; untimely filed Petitioner's petition for further review, resulting in his petition being

|   |   |
|---|---|
|   | overruled; consulted with Petitioner about representing him in his post-conviction action and later informed him that his representation of Petitioner was "over after the affirmation at direct appeal"; and "lied and made promises to [Petitioner], and also waived some of [Petitioner's] constitutional rights due to his deficiency" ("Claim Five"). |
| Claim Six: | Petitioner's conviction was obtained due to trial court error because the trial court referred to Petitioner as "defendant" on three occasions in the presence of the jury, in violation of its own order; refused to "voir dire" an alternate juror after that juror saw Petitioner in shackles; did not provide a "curative effect or curative procedure" in response to these violations of Petitioner's rights; and showed favoritism to the prosecution in admitting and excluding evidence ("Claim Six"). |
| Claim Seven: | Petitioner's conviction was affirmed due to the Lancaster County District Court Clerk misplacing documents ("Claim Seven"). |

(Filing No. 9 at CM/ECF pp. 1-4.)

## *BACKGROUND*

### *I.  Henderson's Conviction and Direct Appeal*

On May 20, 2004, a jury convicted Henderson of one count of intentional child abuse resulting in death.[1] (Filing No. 20-4, Attach. 3, at CM/ECF p. 70.) Henderson was thereafter sentenced to serve a prison term of 25-40 years. (*Id.* at CM/ECF pp.

---

[1]The facts surrounding the intentional child abuse, resulting in the death of Henderson's infant daughter, are set forth fully in the decision of the Nebraska Court of Appeals affirming Henderson's conviction and sentence, and need not be recounted here. (Filing No. 11-2, Attach. 1, at CM/ECF pp. 1-55.)

3

100-101.) Henderson filed a direct appeal in which he, liberally construed, argued at least portions of Claims Two, Three, Four, and Six. (Filing No. 19-33, Attach. 32, at CM/ECF pp. 1-46.) The Nebraska Court of Appeals affirmed Henderson's conviction and sentence on August 14, 2006, issuing a detailed opinion. (Filing No. 11-2, Attach. 1, at CM/ECF pp. 1-55.) Henderson filed a petition for further review with the Nebraska Supreme Court, but that petition was denied because it was not timely filed. (Filing No. 11-6, Attach. 5, at CM/ECF p. 3.) Thus, Henderson's claims on direct appeal were never presented to the Nebraska Supreme Court.

## II.     *Henderson's Post Conviction Motion and Appeal*

On August 24, 2007, Henderson filed a "Verified Motion for Post Conviction Relief" ("Post Conviction Motion") in the Lancaster County, Nebraska District Court. (Filing No. 11-7, Attach. 6, at CM/ECF pp. 1-7.) In his Post Conviction Motion, Henderson asserted Claim One and portions of Claims Four, Five, and Six. On February 1, 2008, the Lancaster County District Court denied the Post Conviction Motion. (Filing No. 21-9, Attach. 8, at CM/ECF pp. 44-50.) Where necessary, the details of the Lancaster County District Court's opinion are set forth below.

Henderson appealed the denial of post-conviction relief. On appeal, Henderson generally asserted Claims One, and portions of Claims Four, Five, and Six. (Filing No. 21-3, Attach. 2, at CM/ECF pp. 1-40.) The State of Nebraska filed a "Motion for Summary Affirmance," arguing that, with the exception of Claim Five, all of the claims raised in Henderson's Post Conviction Motion were either raised or could have been raised in Henderson's direct appeal and were therefore procedurally barred. (*Id.* at CM/ECF pp. 92-103.) Regarding Claim Five, the State of Nebraska argued that the Lancaster County District Court properly denied that claim on the merits. (*Id.*) The Nebraska Court of Appeals granted that motion, summarily affirming the Lancaster County District Court's denial of the Post Conviction Motion on September 25, 2008. (Filing No. 11-8, Attach. 7, at CM/ECF p. 2.) Henderson thereafter filed a petition

for further review, which was denied by the Nebraska Supreme Court on October 15, 2008. (*Id.*)

Henderson filed this matter on October 30, 2008. (Filing No. 1.) After the court denied his Motion for Summary Judgment, Respondent filed his Answer and Brief in Support, arguing that all of Henderson's claims are either procedurally defaulted, or that the state court reasonably applied federal law and therefore no federal habeas corpus relief is available. (Filing Nos. 18 and 23.) Henderson filed a Response, arguing the merits of his claims. (Filing No. 22.)

## *ANALYSIS*

### I. *Statute of Limitations*

Prior to filing his Answer, Respondent filed a Motion for Summary Judgment arguing that Henderson's Petition is barred by the applicable statute of limitations. (Filing No. 12.) The court denied that Motion on March 11, 2009, finding that "[r]egardless of how the limitations period is calculated, the Petition for Writ of Habeas Corpus was timely filed." (Filing No. 17 at CM/ECF p. 1.) Respondent now renews his request for dismissal based on the untimeliness of the Petition. Respondent's entire argument seems to rest on the proposition that "Henderson did not file a postconviction action in state district court until June 10, 2008." (Filing No. 23 at CM/ECF p. 3.) However, as the record clearly shows, Henderson filed his Post Conviction Motion on August 24, 2007, nearly a year before the date asserted by Respondent. (Filing No. 11-7, Attach. 6, at CM/ECF pp. 1-7.) The court has no idea where Respondent found the June 10, 2008, date, as it appears nowhere in the record. Regardless, the court will not waste any more time on this frivolous argument. As the court previously stated, the Petition was timely filed.

5

## II.     *Procedural Default*

   A.     *Standards for Exhaustion/Procedural Default*

As set forth in 28 U.S.C. § 2254(b)(1):

(1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

   (A)   the applicant has exhausted the remedies available in the courts of the State; or

   (B)   (i)   there is an absence of available State corrective process; or
         (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1)

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief.  *Id.* at 844.  In Nebraska, "one complete round"

ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454-55 (8th Cir. 2005).

Moreover, where "no state court remedy is available for the unexhausted claim-that is, if resort to the state courts would be futile-then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (quoting *Gray v. Netherland*, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. *Akins*, 410 F.3d at 456 n. 1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). In such circumstances, where a Nebraska state court rejects a claim on state procedural grounds, and "issues a plain statement that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." *Shaddy v. Clarke*, 890 F.2d 1016, 1018 (8th Cir. 1989); *Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n such instances, the state prisoner forfeits his right to present his federal claim through

a federal habeas corpus petition") (quotations omitted). However, the state court procedural decision must "rest[] on independent and adequate state procedural grounds." *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (quotation omitted). "A state procedural rule is adequate only if it is a firmly established and regularly followed state practice." *Id.* (quotation omitted). Even where a claim has been procedurally defaulted, a petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default. *Akins*, 410 F.3d at 456 n. 1.

### B. *Claim One*

Henderson did not argue Claim One on direct appeal. (Filing No. 19-33, Attach. 32, at CM/ECF pp. 1-46.) Although Henderson arguably raised Claim One in his Post Conviction Motion and appeal, he was denied relief. (Filing No. 21-9, Attach. 8, at CM/ECF pp. 45-46.) In doing so, the Lancaster County District Court stated:

> The defendant first alleges there was prosecutorial misconduct based on comments made by the prosecutor during closing argument. The Defendant is required to make factual allegations that the basis for the relief now requested was not available at the time of the appeal. *State v. Bowen*, 254 Neb. 863, 580 N.W.2d 535 (1998). This is an issue which could have been raised on appeal. It appears that it was not raised at that time. Consequently, the Defendant must establish why the issues now raised could not have been raised on appeal. *State v. Jones*, 246 Neb. 673, 522 N.W.2d 414 (1994). The defendant has not apprized the court of any reason.

(*Id.* at CM/ECF p. 45, hyperlinks added.) To the extent it was intended to be raised as an ineffective assistance of counsel claim, the Lancaster County District Court also rejected Claim One. (*Id.* at CM/ECF pp. 45-46.) Thus, although Henderson presented Claim One in his Post Conviction Motion and appeal, the Lancaster County District Court clearly did not resolve the Claim on the merits. Rather, that court

8

issued "a plain statement" that it was rejecting Henderson's Claim One on independent and adequate state procedural grounds. *Shaddy,* 890 F.2d at 1018. In such circumstances, this court is precluded from reaching the merits of the claim. Thus, Claim One is procedurally defaulted and this court cannot consider the merits of this Claim unless Henderson can show cause and prejudice to excuse the default.

C. *Claims Two, Three, Six, and Seven*

Liberally construed, Henderson raised at least portions of Claims Two, Three, and Six on direct appeal. (Filing No. 19-33, Attach. 32, at CM/ECF pp. 1-46.) However, as set forth above, Henderson failed to file a timely petition for further review with the Nebraska Supreme Court and it was therefore dismissed. (Filing No. 11-6, Attach. 5, at CM/ECF p. 3.) Henderson raised Claim Two again in his Post Conviction Motion and appeal, but he was denied relief. As the Lancaster County District Court stated, "[t]he record shows that these issues were raised on direct appeal and decided against the defendant. They may not be raised again in this context." (Filing No. 21-9, Attach. 8, at CM/ECF pp. 48-49.) The same is true of Claim Six, which the Lancaster County District Court stated "was raised on direct appeal," but rejected the claim because "[t]he postconviction process is not intended to offer [Henderson] a second appeal." (*Id.* at CM/ECF p. 50.) Further, there is no indication in the record before the court that Henderson ever presented Claim Seven in the Nebraska state courts, either on direct appeal or in his Post Conviction Motion. Thus, Henderson never presented Claims Two, Three, Six, and Seven in "one complete round" in the Nebraska state courts on direct appeal, as required. *See Akins,* 410 F.3d at 454-55.

As with Claim One, the state court plainly stated that it would not consider Henderson's Claims Two and Six based on independent and adequate state law grounds–that these Claims were raised on direct appeal and cannot be raised for a second time on postconviction. As such, Claims Two and Six are also procedurally

9

defaulted. The same is true of the portions of Claims Two and Six which were never raised in the state courts, Claim Three, which was never presented to the Nebraska Supreme Court, and the entirety of Claim Seven, which was never raised to any state court. As the court has repeatedly stated, Henderson filed his direct appeal and failed to timely file a petition for further review. Additionally, Henderson has already filed his Post Conviction Motion and is barred from filing a second. Because Claims Two, Three, Six, and Seven can no longer be presented in the state courts, they are exhausted by procedural default.

### D.   Claim Four

For his Claim Four, Henderson alleges that his trial counsel was ineffective for numerous reasons. Henderson raised portions of this Claim on direct appeal and in his Post Conviction Motion. In rejecting Claim Four of the Post Conviction Motion, the Lancaster County District Court determined:

> This issue was addressed in the direct appeal. The defendant cannot raise the issue again for postconviction consideration under the guise of ineffective assistance of counsel. . . . The defendant was appointed separate counsel during the appeal of his conviction. The failure of trial counsel to call medical experts was clear from the record made at trial and was available to the defendant at the time of his appeal. He is procedurally barred from raising the issue at this time. *State v. Davlin*, 272 Neb. 139, 719 N.W.2d 243, 262 (2006).

(Filing No. 21-9, Attach. 8, at CM/ECF p. 47, hyperlink added.) In short, the Lancaster County District Court found that any ineffective assistance of trial counsel claims were either raised on direct appeal, or could have been. In addition, the court noted that, even if it considered the merits of this claim, "the defendant cannot establish either deficient performance or prejudice." (*Id.*) As with Henderson's other Claims discussed above, Claim Four was not presented in one complete round of

review on direct appeal. It was further rejected by the Nebraska state courts at the postconviction stage because of an independent and adequate state procedural ground, which the Lancaster County District Court plainly stated. Henderson cannot bring a second postconviction motion and cannot otherwise raise Claim Four before the state courts. As such, this court cannot reach the merits of Claim Four, and, like Henderson's other claims discussed above, it is also procedurally defaulted. *Shaddy, 890 F.2d at 1018*.

### III.    Cause and Prejudice

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law, or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999); *see also Bell v. Attorney Gen. of the State of Iowa*, 474 F.3d 558, 561 (8th Cir. 2007) ("A cause is sufficient to excuse procedural default when it is external to the petitioner, and not attributable to the petitioner."). Additionally, the Eighth Circuit has held that ineffective assistance of counsel at the state post conviction stage is not sufficient to constitute "cause" to excuse the procedural default of a habeas claim. *Armstrong*, 418 F.3d at 927.

The court has carefully reviewed Henderson's submissions in this matter. He does not argue cause or prejudice and, put simply, does not offer any excuse for his failure to properly raise Claims One, Two, Three, Four, Six, and Seven in the Nebraska state courts. At best, Henderson argues that, as a pro se litigant, he is entitled to some leeway with regard to exhaustion and procedural default. (Filing No.

22 at CM/ECF pp. 28-29.) However, the Eighth Circuit has rejected this argument. *See, e.g.,* [Weeks v. Bowersox, 106 F.3d 248, 250 (8th Cir. 1997)](#) ("Only an impediment external to the defense that prevents a petitioner from complying with the state rule constitutes cause for procedural default. . . . A prisoner's illiteracy and pro se status are not cause."); [Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988)](#) ("Smittie's pro se status and educational background are not sufficient cause for failing to pursue state-court remedies."). Henderson has not submitted any argument or evidence which shows that he, or his counsel, were objectively impeded from filing all of his claims in his direct appeal and in his Post Conviction Motion, or from pursuing a timely petition for further review on direct appeal. In short, Henderson's failure to follow the state's procedural rules is not adequate cause to excuse the procedural default. Claims One, Two, Three, Four, Six, and Seven are therefore dismissed.

### IV. *Claim Five–Ineffective Assistance of Appellate Counsel*

#### A. *Standards*

A claim of ineffective assistance of counsel is reviewed under the two-pronged standard of [Strickland v. Washington, 466 U.S. 668, 694 (1984)](#). *Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. [Id. at 687](#); *see also* [Bryson v. United States, 268 F.3d 560 (8th Cir. 2001)](#); [Williamson v. Jones, 936 F.2d 1000, 1004 (8th Cir. 1991)](#).

The first prong of the *Strickland* test requires the petitioner to demonstrate that his attorney failed to provide reasonably effective assistance. [Strickland, 466 U.S. at 687-88](#). In conducting such a review the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." [Id. at 689](#). The second prong requires the petitioner to demonstrate "a reasonable

12

probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Hubbeling v. United States*, 288 F.3d 363, 365 (8th Cir. 2002). A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation are virtually unchallengeable" in a later habeas corpus action. 466 U.S. at 689.

Additionally, the Supreme Court has very recently emphasized that the deference due the state courts applies with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1418-20 (2009) (reversing the Ninth Circuit Court of Appeals and holding that the decision of the California Court of Appeals, that the defendant was not deprived of effective assistance of counsel when his attorney recommended withdrawing his insanity defense during second phase of trial, was not contrary to or an unreasonable application of clearly established federal law; also concluding, among other things, that there was no reasonable probability that, but for counsel's alleged unprofessional error, the result of the proceeding would have been different).

In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and that "leeway" presents a "substantially higher threshold" for a federal habeas petitioner to overcome. Thus:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable-a substantially higher threshold." *Schriro*, supra, at 473, 127 S. Ct. 1933. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158

> L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

*Id.* at 1420.

### B. Claim Five

Henderson's Claim Five asserts that his appellate counsel was ineffective on direct appeal. This is the only Claim before the court which has not been procedurally defaulted in its entirety, and Henderson correctly asserts that his first opportunity to bring this claim was in his Post Conviction Motion. Claim Five asserts at least four different reasons for his counsel's ineffectiveness. (Filing No. 9 at CM/ECF p. 3.) However, in his Post Conviction Motion, Henderson asserted only that his appellate counsel "indicated he would proceed with representing him in the postconviction action and then determined his appointment did not extend to the postconviction application." (Filing No. 21-9, Attach. 8, at CM/ECF pp. 49-50.) Liberally construed, Henderson also argued that his appellate counsel erred for failing to timely file the petition for further review on direct appeal.[2] (*Id.* at CM/ECF p. 50.) Regarding Henderson's first claim, the Lancaster County District Court found that there was "no Constitutional issue raised" and that Henderson failed to show that his appellate was ineffective. (*Id.*) That court also determined that Henderson failed to show any prejudice resulting from his appellate counsel's failure to file a timely petition for further review. (*Id.*)

The foregoing findings of fact and conclusions of law by the Lancaster County

---

[2] For the reasons set forth above, the remainder of Claim Five is unexhausted and procedurally defaulted because the remainder of this Claim was never presented to the Nebraska state courts.

14

District Court, which were affirmed by the Nebraska Court of Appeals, are entitled to deference under the statutory standard of review that applies to factual and legal conclusions reached by the state courts. Indeed, as set forth above, the court must grant substantial deference to the Nebraska state court decisions. The court has carefully reviewed the record in this matter and finds that the Lancaster County District Court's decision denying Henderson's ineffective assistance of appellate counsel claims is not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Henderson has not submitted any evidence, let alone clear and convincing evidence, that the court was incorrect in any of its factual or legal determinations. 28 U.S.C. § 2254(e)(1). In short, portions of Claim Five were adjudicated on the merits by the Nebraska state courts and the grant of a writ of habeas corpus is not warranted here because those courts reasonably applied *Strickland* and other Supreme Court holdings in reaching their decisions. In light of these findings, Henderson's Petition is dismissed in its entirety.

IT IS THEREFORE ORDERED that:

1.	Petitioner Terrell Henderson's Petition for Writ of Habeas Corpus (filing no. 1) is denied in all respects and this action is dismissed with prejudice.

2.	A separate judgment will be entered in accordance with this Memorandum and Order.

October 28, 2009.　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　*Richard G. Kopf*
　　　　　　　　　　　　　　　　United States District Judge

---

　　*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.