IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TERRELL HENDERSON, | ) | 4:08CV3219 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, Director State | ) | |
| of Nebraska Department of | ) | |
| Correctional Services, | ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court on Petitioner's Motion for Leave to Appeal in Forma Pauperis (filing no. 28), Motion to Appoint Counsel (filing no. 32), and Motion for Certificate of Appealability (filing no. 30). Petitioner filed his Petition for Writ of Habeas Corpus on October 30, 2008, asserting claims relating to his conviction for intentional child abuse resulting in death. (Filing No. 1.) On October 28, 2009, this court dismissed Petitioner's claims and entered judgment in favor of Respondent. (Filing Nos. 25 and 26.) Petitioner thereafter filed a timely Notice of Appeal. (Filing No. 27.)

### *I. Motion for Leave to Appeal In Forma Pauperis*

    Petitioner is a prisoner who was previously granted leave to proceed IFP. (Filing No. 8.) Federal Rule of Appellate Procedure 24(a)(3) states:

    (a)    Leave to Proceed in Forma Pauperis ....

    (3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization,

> unless the district court – before or after the notice of appeal is filed–
> certifies that the appeal is not taken in good faith or finds that the party
> is not otherwise entitled to proceed in forma pauperis and states in
> writing its reasons for the certification or finding[.]

*Id.* The court finds that, because Petitioner was previously given leave to proceed IFP, he may now "proceed on appeal in forma pauperis without further authorization" in accordance with Federal Rule of Appellate Procedure 24.

## II. Motion to Appoint Counsel

Petitioner's Motion for Appointment of Counsel on appeal should be addressed to the Eighth Circuit Court of Appeals. Therefore, the court denies Petitioner's Motion for Appointment of Counsel (filing no. 32) without prejudice to reassertion before the Eighth Circuit.

## III. Motion for Certificate of Appealability

Before a petitioner may appeal the dismissal of a petition for writ of habeas corpus, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the right to appeal such a dismissal is governed by 28 U.S.C. § 2253(c), which states:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; ....
>
> (2) A certificate of appealability may issue under paragraph (1) only if

the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).[1]

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Such a showing requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted), citing *Barefoot v. Estelle*, 463 U.S. 894 (1983) (defining pre-AEDPA standard for a certificate of probable cause to appeal).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Similarly, if the district court denies a petition for writ of habeas corpus on procedural grounds without reaching the underlying constitutional claims on the merits:

> [A] COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and ... would find it debatable whether the district court was correct in its procedural ruling .... Where

---

[1]Similarly, Federal Rule of Appellate Procedure 22(b), as amended by AEDPA, indicates that in an action pursuant to 28 U.S.C. § 2254, a notice of appeal triggers the requirement that the district judge who rendered the judgment either issue a certificate of appealability or state the reasons why such a certificate should not issue. *See generally Tiedeman v. Benson,* 122 F.3d 518, 521 (8th Cir. 1997).

3

> a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.*

The court has carefully reviewed the record and Petitioner's Motion for Certificate of Appealability (filing no. 30) and supporting Brief (filing no. 31). Petitioner has failed to demonstrate that reasonable jurists would find this court's ruling debatable or wrong. For the reasons stated in its October 28, 2009, Memorandum and Order (filing no. 25), which dismissed Petitioner's claims on the merits, the court declines to issue a Certificate of Appealability.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Leave to Proceed in Forma Pauperis (filing no. 28) is granted.

2. Petitioner's Motion to Appoint Counsel (filing no. 32) is denied without prejudice to reassertion before the Eighth Circuit.

3. Petitioner's Motion for Certificate of Appealability (filing no. 30) is denied without prejudice to reassertion before the Eighth Circuit.

4. The Clerk of the court shall provide the Court of Appeals a copy of this Memorandum and Order.

January 14, 2010.　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　*Richard G. Kopf*
　　　　　　　　　　　　　　　　United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.